Joseph W. Landers, Jr. Secretary Department of Environmental Regulation Tallahassee
QUESTION:
May an agency place as conditions in a default license issued pursuant to s. 120.60(2), F. S., standard conditions such as the reporting of water quality violations, periodic operating reports, and monitoring requirements which are routinely placed in agency licenses which do not call for project design changes, or impose other such substantive requirements of Ch. 403, F. S., or rules duly adopted thereunder?
SUMMARY:
Default licenses issued pursuant to s. 120.60(2), F. S., are governed by Ch. 403, F. S., and any rules duly adopted thereunder and all mandatory requirements of Ch. 403, F. S., and rules duly adopted thereunder are applicable to default licenses in the same manner as to normal licenses.
Section 120.60(2), F. S., is procedural only. I indicated in an earlier opinion the effect of this provision. As stated in AGO 077-41:
 The effect of s. 10, Ch. 76-131 is to require the licensing agency to do certain things and to make certain decisions by a time certain. The law deems or considers the failure to so act the equivalent of an approval of the application and requires the issuance of the license forthwith. Section 10, 76-131 does not repose or vest any discretion in the licensing agency with respect to the issuance of the license in the statutorily specified circumstances.
It is clear that the legislative intent was that an agency must act within a specified time frame or the applicant will in effect become entitled to be issued the license applied for by default. However, s. 120.60(2), F. S., does not purport to exempt or relieve a party receiving a default license from complying with agency statutory requirements or rules adopted pursuant to Ch. 120, F. S.
Section 120.60(2), F. S., as amended by s. 6 of Ch. 77-453, Laws of Florida, in pertinent part provides:
 When an application for a license is made as required by law, the agency shall conduct the proceedings required with reasonable dispatch and with due regard to the rights and privileges of all affected parties or aggrieved persons. . . . Every application for license shall be approved or denied within 90 days after receipt of the original application or receipt of the timely requested additional information or correction or errors or omissions. . . . Any application for a license not approved or denied within the 90-day period, within 15 days after conclusion of a public hearing held on the application, or within 45 days after the recommended order is submitted to the agency and the parties, whichever is latest, shall be deemed approved and, subject to the satisfactory completion of an examination, if required as a prerequisite to licensure, the license shall be issued. . . . Each agency, upon issuing or denying a license, shall state with particularity the grounds or basis for the issuance . . . of same, except where issurance is a ministerial act. . . . (Emphasis supplied.)
In construing s. 120.60(2), F. S., one rule of statutory construction that must be considered is whether the interpretation would lead to an unresonable or ridiculous conclusion. See Johnson v. Presbyterian Homes of Synod, 239 So.2d 256 (Fla. 1970). To conclude that the Legislature expressed or implied that default licenses issued pursuant to s. 120.60(2), F. S., granted the licensee exemption from the governing statutory provisions of the agency would be to ignore the plain meaning of the provision, which simply dealt with processing applications within a certain time frame and provided that licenses be issued if the time frame was not met. It would be unreasonable to construe s. 120.60(2), F. S., to exempt a default licensee from complying with Ch. 403, F. S., therefore making its provisions a nullity. Certainly that was not the intention of the Legislature when enacting s. 120.60(2), F. S., and in the absence of an express legislative direction to exempt default licenses from the requirements of Ch. 403, F. S., I am unwilling to conclude that such licenses are not required to comply with the substantive requirements of Ch. 403, F. S., and rules duly adopted thereunder.
Therefore, based upon the foregoing, the answer to your question is that substantive requirements of Ch. 403, F. S., and rules adopted pursuant thereto are applicable to default licenses in the same manner as licenses issued in the normal process. Thus to the extent that standard conditions of a license, such as reporting of water quality violation or operating reports, are required by Ch. 403, F. S., or rules duly adopted thereunder, such conditions are equally applicable to default licenses.
Prepared by: Walter Kelly, Assistant Attorney General